[Civ. No. 1093.  Second Appellate District.—May 20, 1912.]

C. E. ARCHER, Appellant, v. MARY AGNES LEWIS, Respondent, and A. H. GREGG et al., Defendants.

SPECIFIC PERFORMANCE — AGREEMENT TO SELL LAND — OPTION TO PURCHASE—AUTHORITY TO SELL.—A contract between an owner of real property and a person authorized to make a sale thereof, within a limited time, and also agreeing to deed the property at the price named, pursuant to the contract to such person, or to any person whom he might designate as such purchaser, constitutes an option to purchase the property, or to find another purchaser ready and willing to purchase it at the price named, and his sale of the option to a third party, who tenders the purchase money to the defendant, entitles him to enforce specific performance of the contract against the owner.

ID.—-CONSTRUCTION OF CONTRACT — AMBIGUOUS PROVISION — USE OF PLURAL NUMBER—INTERPRETATION AGAINST OWNER.—The contract must be considered as a whole so as to give effect to every part. Where one person was authorized to buy or to make a sale to another person, and he agrees to deed to him or to any person named

by him, the use of the plural pronoun "them" in designating the single party with whom the contract was made is an ambiguity, which must be interpreted most strongly against the owner, in connection with the fact that the contract was made for a valuable consideration, expressed therein, and was for a ninety-day option to purchase and take a deed at the price fixed, or to sell to another at the same price, without commissions, who may take the deed.

ID.—IMPROPER NONSUIT OF VENDEE OF OPTION.—The vendee of the option having acquired the right to a conveyance, and having properly demanded a deed, and being entitled under the terms of the contract to a specific performance thereof, it is held that the trial judge erred in granting a motion to nonsuit the plaintiff in his action for a specific performance of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Tobias R. Archer, for Appellant.

Lynn Helm, for Respondent.

SHAW, J.—Action to compel specific performance of a written contract assigned to plaintiff whereby it is claimed respondent agreed to sell and convey the real estate therein described.

At the close of plaintiff's evidence, the court granted a motion made by defendant Lewis for a nonsuit and gave judgment against plaintiff, from which, and an order denying his motion for a new trial, he appeals.

The basis of the action is a contract dated January 19, 1909, the material parts of which follow:

"For and in consideration of the sum of one dollar, I hereby authorize A. H. Gregg to enter into and execute for me and in my name a contract to sell the following property: [Description], for the sum of $3500, upon the following terms: Cash, . . . and should said A. H. Gregg make or cause to be made such sale I will pay no commission on said sale. I will release to them any amount in excess of the price named and will deed to them, or any one named by them, said de-

scribed property on complying with above stated terms. This authorization is to remain in full force and effect for ninety days from date.

"(Signed)    MARY AGNES LEWIS,

"A. H. GREGG."

On April 8, 1909, Gregg made an indorsement upon said contract as follows: "For value received, I hereby sell and assign all my right, title and interest in and to the within contract to C. E. Archer. A. H. Gregg," and then and there delivered the same to plaintiff. It appears from the testimony adduced at the trial that prior to the assignment of the contract so made by Gregg, plaintiff proposed to purchase the property from respondent and was told by her that she could not sell it to him, for the reason that she had given "an option or contract on the land" to Gregg, which was to run ninety days from January 19, 1909, and that if he would acquire such option she would sell him the land. Plaintiff went to Gregg and procured an assignment of the contract, agreeing to pay him therefor $500, $100 of which was paid in cash. He then notified respondent that he had, by assignment, acquired the contract from Gregg and desired to complete the purchase, made a tender to her of $3,500, the purchase price therein named, and demanded a deed therefor in accordance with the terms of the contract, which she refused to make.

Appellant contends that the contract made between respondent and defendant Gregg should be interpreted as an agreement on the part of respondent, not only authorizing Gregg to contract in her name for a sale of the land, but binding herself to sell and convey the property to Gregg himself, for the price and upon the terms specified therein. The question, therefore, is the interpretation to be placed upon the agreement.

The contract must be considered as a whole so as to give effect to every part thereof. (Civ. Code, sec. 1641.) So considered, some effect must be given to the provision whereby Lewis covenants that she will "deed to *them,* or anyone named by *them,* said described property on complying with above stated terms." Gregg was the only person authorized . to make the sale; hence, notwithstanding the use of the plural form of pronoun, the word "them" must have been intended

to refer to Gregg, to whom, or to anyone named by him, she agreed to convey the property at any time within ninety days from January 19, 1909, upon the payment of the sum of $3,500. Moreover, it conclusively appears from the evidence that both Gregg and respondent herself construed the agreement as constituting an option to purchase the property given Gregg for an expressed consideration. Plaintiff testifies that she told him "she had given an option or contract on that land to A. H. Gregg," for which reason she could not sell the land unless plaintiff "procured that option"; and, further, "she told me that if I acquired that option that she would sell me the land." Gregg, by making the assignment, as well as by orally naming plaintiff as a purchaser ready and willing to consummate the deal, brought plaintiff directly within the provision whereby Lewis agreed to deed the property to "anyone named by them"—that is, by Gregg. Even if the contract should be deemed ambiguous or uncertain, it should, under the provisions of section 1654, Civil Code, be interpreted most strongly against defendant Lewis. Applying this rule of interpretation, in connection with the fact that the contract was made for a valuable consideration expressed therein and the sale, if made, was to be free of any charge for commissions, together with the declarations of Mrs. Lewis to the effect that by the terms of the instrument she had given to Gregg a ninety-day option or contract upon the land, leaves no doubt in our minds as to the intent of the parties in executing the instrument. Indeed, considering the contract as a whole, it sufficiently and clearly appears therefrom that Mrs. Lewis desired to sell the property within ninety days for $3,500, net cash; and with this end in view gave to Gregg the contract whereby she authorized him to execute in her name a contract for such sale, and, in addition thereto, agreed not only to deed the property pursuant to the terms of any contract which he might make for her, but also agreed, upon the performance of the conditions of the contract, to deed the same to him, or to any person whom he might designate as such purchaser. He not only assigned this option, but designated and named plaintiff as a purchaser ready, willing and able to make the purchase, and who within ninety days tendered the amount and demanded a deed in consummation of the contract.

In our judgment, the learned trial judge erred in granting the motion for nonsuit, and the judgment is, therefore, reversed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1912.